Door County, Appellant, vs. Keogh and others, imp., Respondents.

*April 30 — May 20, 1890.*

*Parties: Pleading in abatement.*

1. In an action upon the official bond of a county clerk, the complaint alleged that he had received money for the redemption of tax certificates held by many different persons, and had converted the same to his own use. The answer, by way of abatement, alleged that the holders of such certificates were necessary parties, but did not name them. *Held*, that such holders were not necessary parties, and a motion to make the answer more definite and certain was, therefore, properly denied.

2. The complaint also alleged that the clerk had failed to deliver three several county orders to the respective payees therein named, but had drawn the money thereon and converted it to his own use. *Held*, that as such payees all stood in the same relation to the controversy, it was not necessary to plead separately the nonjoinder of each in abatement of the action.

APPEAL from the Circuit Court for *Door* County.

During the years 1887 and 1888, the defendant McDonald was county clerk of Door county, and the other defendants are sureties in his official bond as such clerk. This action is upon such bond, three breaches of which are alleged in the complaint. These are: (1) That he failed to deliver to the payees therein named certain county orders, severally drawn upon the county treasurer in favor of three different payees, for claims against the county which had theretofore been allowed by the board of county supervisors, but drew the money thereon from the county treasury, and converted the same to his own use; (2) that he received, as such clerk, a large sum of money for the redemption of numerous tax certificates held respectively by many different persons, and converted the same to his own use; and (3) that he also converted to his own use certain moneys received by him as such clerk for the purchase of fuel for

the county. This last breach is of no importance on this appeal.

The defendants who are such sureties answered in bar: (1) That defendant McDonald drew the money on the county orders by direction of the owner thereof; (2) a denial that he converted to his own use any redemption moneys received by him; and (3) a denial that the clerk received any money of the county for the purchase of fuel. The sureties also answered in abatement that the respective payees named in such county orders, and the holders of the tax certificates thus alleged to have been redeemed, are necessary parties to the action.

A motion on behalf of plaintiff was thereupon made that the answering defendants be required to make their answer more definite and certain in several particulars therein specified. The motion covers both the answer to the merits and that in abatement. The court denied the motion, and the plaintiff appeals from that portion of the order in that behalf which denies the motion " to compel the pleas in abatement to be set up separately."

For the appellant there was a brief by *R. P. Cody,* attorney, and *Turner & Timlin,* of counsel, and oral argument by *W. H. Timlin.*

*Geo. G. Greene,* for the respondents.

LYON, J. The portion of the answer in abatement which alleges that the holders of the redeemed tax certificates are necessary parties to the action is not well pleaded, either in form or substance. It is bad in form, because such holders are not named therein or in any pleading in the case. It is an elementary rule that a plea in abatement must give a better writ, which means that when such a plea is interposed for defect of parties their names must be stated therein, as well as that they are living and within the jurisdiction of the court. The answer is bad in substance, be-

cause it is impracticable, if not impossible, to ascertain who these certificate holders are, and in no view of the case are they necessary parties to the action. This portion of the answer being nugatory, it is idle to require it to be made more definite and certain. The only proper thing to do with it is to strike it out on motion, or, in the absence of such motion, to disregard it.

We do not determine whether the respective payees of the county orders in question are or are not necessary parties. If they are, no good reason is perceived why there should be three answers in abatement, because of their non-joinder, instead of one, as counsel for plaintiff maintain. The reason urged for thus subdividing the pleading is the plaintiff might think one of the proposed parties should not be brought in while the others should be, and may desire to raise the question by demurrer whether the former is a necessary party. This he cannot do effectually while the pleading is in its present form, because his demurrer would be overruled if any one of such payees is a necessary party. All this is very plausible, but has no application here, because, under the allegations both of the complaint and answer (which is all the information this court has on the subject), the three payees of the county orders in question stand precisely in the same relation to this controversy. If any one of them is a necessary party to this action, each of the others is also. If any one is not, neither is either of the others. Hence the reason given for interposing three answers in abatement, instead of one, is unsound. We can imagine no other valid reason why the pleading should be thus subdivided. We conclude that the plaintiff is not injured by the denial of his motion, and hence that the portion of the order appealed from should not be disturbed.

· *By the Court.*— Order affirmed.